# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS RICO MARTINEZ,<br><br>            Petitioner,<br><br>       v.<br><br>MIKE McDONALD, Warden<br><br>            Respondent. | 1:09-cv-00845-OWW-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following a jury trial in the California Superior Court for the County of Tulare, Petitioner was convicted of five counts of violation of California Penal Code[1] section 211, second-degree robbery; five counts of violation of section 210.5, false imprisonment of a hostage; two counts of violation of section 236, false imprisonment; and one count of violation of section 459, commercial burglary. It was further found true that Petitioner had previously been convicted of five prior serious or violent felonies within the meaning of the California three strikes law and section 667(a). Petitioner was sentenced to 50 years to life.

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. On February 20, 2008, the judgment and conviction was affirmed. (Lodged

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

Doc. B.)

On April 1, 2008, Petitioner field a petition for review in the California Supreme Court, which was denied on May 14, 2008. (Lodged Doc. C.)

Petitioner filed the instant federal petition for writ of habeas corpus on April 27, 2009. (Court Doc. 1.) Respondent filed an answer to the petition on November 9, 2009. (Court Doc. 27.) Petitioner did not file a traverse.

STATEMENT OF FACTS[2]

> [Petitioner's] attempt to rob a bank in Exeter resulted in an 11-hour standoff with police, during which [Petitioner] held hostages inside the bank. The standoff ended when a SWAT team rushed inside the bank and apprehended [Petitioner].

DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

---

[2] The following summary of facts are taken from the opinion of the California Court of Appeal, Fifth Appellate District appearing as Lodged Document B, of the Answer to the Petition for Writ of Habeas Corpus. The Court finds the state Court of Appeal's summary is a correct and fair summary of the facts of the case.

(1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133,  141 (2005) citing Williams (Terry) v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable."  Id., quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (*per curiam*).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion.  See Ylst v. Nunnemaker, 501

U.S. 979, 803 (1991).  However, where the state court decided an issue on the merits but provided no reasoned decision, courts conduct "an independent review of the record . . . to determine whether the state court [was objectively unreasonable] in its application of controlling federal law."  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

C.     Instructional Error

Petitioner's sole claim is that the trial court violated his right to Due Process under the Fourteenth Amendment by erroneously instructing the jury on proof beyond a reasonable doubt. Petitioner contends the instruction was unconstitutional because it prevented the jury from considering a "lack of evidence" in determining whether there was reasonable doubt as to his guilt.

The jury was instructed with CALCRIM No. 220, which defines reasonable doubt as follows:

> The fact that a criminal charge has been filed against the defendant is not evidence that the charge is true.  You must not be biased against the defendant just because he has been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent.  This presumption requires that the People prove each element of a crime beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt. [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true.  The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial.  Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.

(Lodged Doc. B, at 2.)

In rejecting the claim, the Fifth Appellate District held as follows:

> We considered and rejected this same argument in *People v. Flores* (2007) 153 Cal.App.4th 1088, where we stated: "Here, the plain language of the instruction given tells the jury that '[u]nless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.' (CALCRIM No. 220.) . . . The only reasonable understanding of this language is that a lack of evidence could lead to reasonable doubt." (*People v. Flores*, *supra*, 153 Cal.App.4th at p. 1093.)  We reject it again here.  The same

4

> argument has also been rejected by the Fourth District, Division One, in *People v. Westbrooks* (2007) 151 Cal.App.4th 1500, where the court stated "it would not have been reasonable for the jury to interpret CALCRIM No. 220 as stating that the jury was precluded from considering any perceived lack of evidence in determining Westbrooks guilt." (*Westbrooks*, *supra*, at p.1510, fn. omitted.) No court has concluded otherwise.

(Lodged Doc. B, at 2.)

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073 (1970). The United States Supreme Court has held that "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239 (1994).

The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The jury was specifically instructed that "[u]nless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty" and "it must use only the evidence presented in the courtroom to decide the facts. (RT 553; CT 200-201.) These instructions properly conveyed to the jury that if each element of the crime had not been proven beyond a reasonable doubt, then the lack of evidence would allow an acquittal. Therefore, the jury was not precluded from considering whether there was a lack of evidence in determining whether guilt was proven beyond a reasonable doubt. Thus, there is not a reasonable likelihood that the jurors applied the challenged instruction in a way that violates the Constitution. Estelle v. McGuire, 502 U.S. 62, 72-73 (1991).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
6  and filed within fourteen (14) days after service of the objections.  The Court will then review the
7  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
8  failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

12 **Dated:   January 10, 2010**          **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE